David M. Lilienstein, Esq. SBN 218923
Jessica M. Cho, Esq. SBN 303441
**DL LAW GROUP**
345 Franklin St.
San Francisco, California 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484
E-mail: david@dllawgroup.com, jessica@dllawgroup.com

Attorneys for Plaintiffs,
Mahlon D. & Emily D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHLON D. AND EMILY D., <br><br> Plaintiffs, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY and DOES 1 through 10, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiffs, MAHLON D. AND EMILY D., herein set forth the allegations of this Complaint against Defendants CIGNA HEALTH AND LIFE INSURANCE COMPANY and DOES 1 through 10.

### PRELIMINARY ALLEGATIONS

### JURISDICTION

1. Plaintiffs bring this action for relief pursuant to Section 502 (a) (1) (B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B), and for equitable relief pursuant to ERISA Section 502 (a) (3), 29 U.S.C. Section 1132

(a) (3). This Court has subject matter jurisdiction over Plaintiffs' claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim made by Plaintiffs for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiffs' rights under the terms of an employee benefit plan named as a Defendant. Plaintiffs seek relief, including but not limited to: past mental health benefits in the correct amount related to Defendants' improper denial of Plaintiffs' claim; prejudgment and post judgment interest; and attorneys' fees and costs.

## VENUE

2. Plaintiffs may be found the County of Alameda. Defendant may be found in San Francisco Bay Area, including but not limited to the City and County of San Francisco, therefore venue is proper under 29 U.S.C. §1132(e).

3. This action may be assigned to the San Francisco Division pursuant to Local Rule 3-2.

## PARTIES

4. Plaintiffs are and, at all times relevant, were residents of California.

5. At all relevant times, Mahlon D. participated in RailWorks Corporation Welfare Benefit Plan, an employee welfare benefit plan ("the Plan") within the meaning of ERISA Section 3 (1), 29 U.S.C. Section 1002 (1), sponsored by Mahlon D.'s employer, and administered by Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("CIGNA").

6. Emily D. is Mahlon D.'s daughter and a plan participant pursuant to the Plan.

7. CIGNA is a corporation engaged in the business of insurance in California.

## FACTS

8. At all relevant times, the Plan offered, *inter alia*, medical benefits to

employees and their beneficiaries, including Emily D. This action involves mental health care related claims made and denied by RailWorks's claims administrator CIGNA.

9. Upon information and belief, CIGNA is the actual entity liable for claims made under the Plan.

10. Upon information and belief, RailWorks uses CIGNA to administer claims for benefits, pursuant to the terms and conditions of the Plan.

11. The Plan guarantees, warrants, and promises coverage for "Medically Necessary" health care services, care and treatment, including but not limited to: health care services, behavioral health care, and the treatment at issue herein.

12. At all relevant times, Emily D. was a participant in the Plan.

13. Emily D. was diagnosed with and suffers from, *inter alia*, major depressive disorder, suicidal ideation, generalized anxiety, and reactive attachment disorder.

14. At a young age, Emily D. began seeing a team of mental health care professionals for her major depressive disorder, generalized anxiety, suicidal ideations, and reactive attachment disorder.

15. Emily D. was placed on a "5150" hold when she was fourteen, resulting in her admittance to an acute care facility for eleven days.

16. Subsequently upon the recommendation of Emily D.'s therapists, she was admitted to an outpatient center for self-harming and suicidal teens.

17. Despite receiving outpatient treatment and being under the care of mental health professionals, Emily D. attempted suicide for the second time a few months after her initial attempt and was admitted to Oakland Children's Hospital.

18. As a result of Emily D.'s serious emotional disturbances, she began to perform poorly in school and grow increasingly depressed. Eventually Emily D. refused to attend all classes.

19. Emily D.'s parents then enrolled her in another school. However, after a week she again refused to attend classes.

20. Shortly thereafter Emily D. attempted suicide for the third time.

COMPLAINT

21. As a result of Emily D.'s third attempted suicide, she was once again admitted to Oakland Children's Hospital.

22. Upon discharge from Oakland Children's Hospital, the multiple health care professionals recommended that Emily D. attend more therapy sessions to address her suicidal ideations.

23. Emily D. thereafter was admitted to St. Mary's McAuley Institute for Adolescents. St. Mary's released Emily D. on the condition that she attend a partial-hospitalization program at Alta Bates Hospital.

24. After reviewing her medical records, Alta Bates medical professionals refused to admit Emily D on the basis that they could not properly treat her serious multiple mental health disorders.

25. After reviewing her voluminous medical records, the reviewing medical professions at Alta Bates stated that it was medically necessary that Emily be admitted to a residential treatment center to address her multiple mental health disorders.

26. Emily D.'s psychiatrist, Dr. Sun, also recommended that it was medically necessary that Emily D. be placed in a residential treatment center, as she required around the clock supervision to keep her from physically harming herself.

27. Based on the unanimous recommendation of Emily D.'s multiple mental health care providers, Emily D. was admitted to Change Academy at Lake of the Ozarks ("CALO"), a residential treatment facility, for medically necessary care and treatment.

28. As a result of Emily D.'s conditions, her treatment history, and based upon the reasoned medical opinions of medical professionals, including but not limited to her multiple mental health care providers, Emily D.'s treatment at CALO was medically necessary as she required around the clock supervision to ensure her physical safety and wellbeing and prevent her from attempting suicide.

29. Emily D. timely applied for mental health benefits with Defendant for her treatment at CALO.

30. Defendant approved coverage for the first three and a half months of Emily

D.'s treatment at CALO, however denied coverage for her continued stay, despite the recommendation of her multiple mental health care providers at CALO.

31. Emily D. timely appealed CIGNA's denial of her claim.

32. Defendant rejected Emily D.'s appeal.

33. Emily D. requested an external appeal. By the time of this appeal Emily had been at CALO for eight months. Even after this amount of time, the medical records from CALO stated that Emily D. was still experiencing suicidal ideations, and was therefore a risk to herself.

34. Despite all the above, CIGNA's external reviewer modified the denial, and approved only an additional four months out of her seventeen month stay at CALO as being medically necessary. The external reviewer found that despite her ongoing and continued suicidal ideations, any further treatment at CALO was no longer medically necessary.

35. Emily D. has exhausted all mandatory administrative appeals under the Plan.

35. Emily D. continues to this day to struggle with suicidal ideations, requiring she continue therapy and other medical treatment for her serious mental health disorders.

## CLAIM FOR RELIEF
(Against all Defendants, For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorney's Fees and Costs, Pursuant to (ERISA Section 502 (a) (1) (B), 29 U.S.C. Section 1132 (a) (1) (B))

1. Plaintiffs incorporate Paragraphs 1 through 35 as thoroughly set forth herein.

2. ERISA Section 502 (a) (1) (B), 29 U.S.C.A. Section 1132 (a) (1) (B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiffs' rights under the terms of a plan.

3. At all relevant times, Plaintiffs were under the terms and conditions of the health care plan at issue herein.

4. By denying Plaintiffs' mental health claim, Defendant has violated, and

COMPLAINT

continues to violate, the terms of the Plan, the terms of ERISA, and Plaintiffs' rights thereunder.

5. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that the Court grant the following relief:

A. Declare that the Defendant, and or each of them, violated the terms of the Plan by declining to provide behavioral health benefits;

B. Order Defendant, and or each of them, to pay the behavioral health benefits due, together with prejudgment interest on each and every such benefit payment through the date judgment at the rate of 9% compounded;

C. Order statutory penalties available under 29 U.S.C. §1132(c)(1);

D. Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g);

E. Provide such other relief as the Court deems equitable and just.

Dated: December 13, 2016

Respectfully submitted,

DL LAW GROUP

By: _____
Adriana M. Sapetto, Esq.
Attorney for Plaintiffs, Mahlon D. and Emily D.

COMPLAINT