UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHLON D, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 16-cv-07230-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ESTABLISH STANDARD OF REVIEW AND GRANTING PLAINTIFFS' MOTION TO ESTABLISH STANDARD OF REVIEW AS DE NOVO**<br><br>Re: Dkt. No. 27, 29 |

Pending before the Court are the parties' cross-motions to establish the standard of review in this Employee Retirement Income Security Act of 1974 ("ERISA") action. *See* Dkt. Nos. 27, 29. Defendant Cigna Health & Life Insurance Company ("Cigna") contends that the standard of review should be abuse of discretion. *See* Dkt. No. 27. Plaintiffs Mahlon and Emily D., on the other hand, contend that the standard of review should be de novo. *See* Dkt. No. 29. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** Defendant's motion, **GRANTS** Plaintiffs' motion, and finds that the de novo standard of review applies to this action.

**I.  BACKGROUND**

    **A.  Factual Background**

According to the Complaint, Plaintiff Mahlon D. was an employee of RailWorks Corporation ("Company") and participated in the Company's employee welfare benefit plan ("Plan"). *See* Dkt. No. 1 ("Compl.") ¶ 5. At all relevant times, Plaintiff Emily D. was a dependent of Mahlon D. and covered under the Plan. Compl. ¶ 6. Plaintiffs allege that Emily D. was admitted to Change Academy at Lake of the Ozarks ("CALO"), a residential treatment

facility, as part of her mental health care treatment. *Id*. ¶¶ 14–27. Although she was at CALO for seventeen months, Defendant only approved coverage for seven and a half months. *Id.* ¶¶ 30–34. Plaintiffs contested Defendant's denial of benefits for the remaining nine and a half months. *Id.* ¶ 31.

On June 2, 2014, Cigna Behavioral Health Inc., a subsidiary of Defendant, reviewed and denied Plaintiffs' appeal. *See id.* ¶ 34; *see also* Dkt. No. 32-1, Ex. A. Plaintiffs appealed again, and on December 4, 2014, Cigna's Appeals Unit upheld the denial of benefits. Dkt. No. 32-1, Ex. B. Accordingly, Plaintiffs filed this action against Defendant seeking to recover health insurance benefits under ERISA, 29 U.S.C. § 1132(a)(1)(b). Prior to filing their briefs on the merits, the parties request that the Court determine the applicable standard of review. *See* Dkt. Nos. 27, 29.

**B. Statutory Background**

**i. ERISA**

In ERISA actions, "[d]e novo is the default standard of review," unless an insurance contract contains a valid discretionary clause. *See Abatie v. Alta Health & life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006); *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed . . . de novo unless the plan gives the administrator . . . discretionary authority to determine eligibility for benefits . . . ."). If a contract contains a valid discretionary clause, then the standard of review shifts to abuse of discretion. *Abatie*, 458 F. 3d at 963. Here, the parties agree that the Plan contains a discretionary clause. *See* Dkt. No. 27 at 1–2; *see also* Dkt. No. 32 at 1. However, they disagree as to its validity.

**ii. California Insurance Code**

California Insurance Code § 10110.6(a) bans discretionary clauses in certain insurance policies, rendering them void:

> If a policy, contract, certificate, or agreement . . . that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer . . . to determine eligibility for benefits or coverage . . . that provision is void and unenforceable.

2

Cal. Ins. Code § 10110.6(a) (the "state ban" or "discretionary ban").

Neither the California Supreme Court nor the Ninth Circuit has directly addressed whether the discretionary ban applies to health insurance such as the Plan at issue in this action.[1] *Cf. Williby v. Aetna Life Ins. Co.*, 867 F.3d 1129, 1133 (9th Cir. 2017) (determining that § 10110.6 is preempted by ERISA for self-funded plans); *see also Orzechowski v. Boeing Co. Non-Union Long Term Disability Plan, Plan Number 625*, 856 F.3d 686, 692 (9th Cir. 2017) (determining that § 10110.6 is not preempted by ERISA and applied to disability insurance plan).

## II. ANALYSIS

Defendant posits that the Plan's discretionary clause is valid because § 10110.6 — and its reference to life and disability insurance — should be read narrowly to exclude health insurance plans. Dkt. No. 27 at 4 ("The express language of Section 10110.6 limits its application to life and disability insurance . . . ."). Defendant urges that the standard of review should shift accordingly to abuse of discretion. Plaintiffs respond that the Plan's discretionary clause is void under § 10110.6, and de novo review applies, because under the California Insurance Code health insurance is included as a form of disability insurance.[2] *See* Dkt. No. 32 at 7.

When interpreting the meaning of a statute under California law, the Court must first examine the plain meaning of the text. *See Martinez v. Combs*, 49 Cal. 4th 35, 51 (Cal. 2010); *MacIsaac v. Waste Mgmt. Collection and Recycling, Inc.*, 134 Cal. App. 4th 1076, 1082 (Cal. Ct. App. 2005). However, the Court does not view the plain meaning of the text in isolation, but instead "construe[s] the words of the statute in context, keeping in mind the statutory purpose." *Id*. The Court may turn to extrinsic sources, such as legislative history and cannons of statutory construction, if the statutory language is ambiguous. *MacIsaac*, 134 Cal. App. 4th at 1083.

The Court finds that when read in the appropriate context, health insurance is a form of

---

[1] The parties agree that the Medical Benefits Plan at issue here is for "health insurance." *See* Dkt. No. 31 at 1; *see also* Dkt. No. 32 at 1.
[2] Plaintiffs further argue that even if § 10110.6's ban does not extend to health insurance, the Plan does not adequately delegate authority to Cigna Behavioral Health Inc. — the entity that denied Plaintiffs' claims — to make claim decisions on behalf of Defendant. *See* Dkt. No. 29 at 10–12. Because the Court finds that the Plan's discretionary clause is void, the Court declines to reach this issue.

3

disability insurance for purposes of the California Insurance Code. Thus, the state ban on discretionary clauses applies to the Plan in this action. *Cf. Ticconi v. Blue Shield of California Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 540, n.7 (Cal. Ct. App. 2008) (noting that health insurance "is a type of disability insurance").

Disability insurance is defined broadly under the Insurance Code to "include[] insurance appertaining to injury, disablement or death resulting to the insured from accidents, and appertaining to disablements resulting to the insured from sickness." Cal. Ins. Code § 106(a). And health insurance — unlike both life and disability insurance — is not a separate class of insurance listed in the Code. *See id.* § 100. Rather, it is defined under the "disability insurance" chapter as "an individual or group *disability insurance policy* that provides coverage for hospital, medical, or surgical benefits." *Id.* § 106(b) (emphasis added). Its definition, therefore, indicates that it is a type of disability insurance.

Defendant points out that the definition of health insurance also excludes "[d]isability insurance, including hospital indemnity, accident only, and specified disease insurance that pays benefits on a fixed benefit, cash payment only basis." *See* Dkt. No. 27 at 5 (*citing* Cal. Ins. Code § 106(b)(2)). Defendant would have the Court read this provision to mean that health insurance is not a type of disability insurance. *See id.* at 4–6 (citing *Bain v. United Healthcare Inc.*, No. 15-CV-03305-EMC, 2016 WL 4529495, at *9 (N.D. Cal. 2016)).

The Court is not persuaded. Defendant's reading renders meaningless the explicit language in § 106(b) that health insurance is a "disability insurance policy." Cal. Ins. Code § 106(b). A more coherent reading is that health insurance is a smaller subset of disability insurance that then further excludes particular *other* types of disability insurance: namely, disability insurance "that pays benefits on a fixed benefit, cash payment only basis," such as "hospital indemnity, accident only, and specified disease insurance." *Id.* § 106(b)(2). These other types of disability insurance may supplement other insurance plans, but do not have to include certain specified essential health benefits identified by the state. *Cf.* Cal. Ins. Code § 10112.27 (requiring "[a]n individual or small group health insurance policy issued, amended, or renewed on or after January 1, 2017" to include coverage for essential health benefits pursuant to the

4

Affordable Care Act, 42 U.S.C. § 18022).

This interpretation is further bolstered by how the terms "health insurance" and "disability insurance" are used throughout the Code. At times, health insurance is explicitly carved out from the more general definition of disability insurance. For example, § 10111.2(a) imposes a 30-calendar-day period for payment of benefits "[u]nder a policy of disability insurance other than health insurance, as defined in Section 106 . . . ." Cal. Ins. Code § 10111.2(a). Elsewhere in the Code, other sections refer to health insurance by its definition as "disability insurance polic[ies] . . . that cover[] hospital, medical, or surgical expenses." *See, e.g.*, Cal. Ins. Code §§ 10176.61, 10123.196, 10123.83, 10123.9, 10126.6.[3] That other provisions specifically mention health insurance by name underscores that when the Legislature intended to limit a provision solely to health insurance, rather than the umbrella term "disability insurance," it knew how to do so. *See, e.g.*, Cal. Ins. Code §§ 10112.295 (identifying levels of coverage and actuarial values for nongrandfathered health insurance policies); 10198.6(a) (defining "[h]ealth benefit plans" as "any group or individual policy of health insurance, as defined in section 106 . . . .").

Defendant fails to explain its narrow interpretation in the context of the entire Insurance Code, and instead relies heavily on a single district court case, *Bain v. United Healthcare Inc*. The Court respectfully disagrees with the reasoning in *Bain.* There, the court did not consider disability or health insurance in the context of the entire Insurance Code. Instead, the court limited the definition of disability insurance to disability *income* insurance, citing several California state cases. *See id.* at *7 (citing *Erreca v. W. States Life Ins. Co.*, 19 Cal. 2d 388, 397 (Cal. 1942); *Austero v. Nat'l Cas. Co.*, 84 Cal. App. 3d 1, 22 (Cal. Ct. App. 1978)). However, under the Insurance Code, disability insurance and disability income insurance are not synonymous, and the definition of "health insurance" in § 106(b) specifically excludes disability income insurance as its own category, distinct from the other excluded forms of disability insurance.[4] *See* Cal. Ins. Code

---

[3] Although California Insurance Code §§ 10111.2 and 10123.196 were not effective until after the relevant time period in this case, the Court finds that they nevertheless provide context for the interpretation of "health insurance" at issue here.

[4] In quoting § 106(b)(2), *Bain* also replaced with an ellipsis the key distinguishing factor discussed above: on the face of the statute, "health insurance" excludes only disability insurance "that pays benefits on a fixed benefit, cash payment only basis." *Cf. Bain*, 2016 WL 4529495, at *9 ("But

5

§ 799.01(i) (defining disability income insurance as "insurance against loss of occupational earning capacity arising from injury, sickness, or disablement."); *see also id.* §§ 106(b)(2) and (5). Moreover, the cases that the *Bain* court relied on — *Erreca v. W. States Life Insurance Company* and *Austero v. National Casualty Company* — involved the meaning of "total disability" in two general disability policies that provided insureds monthly income "in the event of [their] total and permanent disability." *Erreca*, 19 Cal. 2d at 390; *Austero*, 84 Cal. App. 3d at 5, 19–22. They did not rely on or interpret the definition of "disability insurance" under the California Insurance Code, and their analysis thus does not shed light on the question at issue here. The court in *Bain* also noted that California regulates health insurance plans that are registered as health care service plans ("HCSP") under the California Health and Safety Code. *See Bain*, 2016 WL 4529495, at *8. Here, Defendant does not argue that it is an HCSP that is not subject to the Insurance Code.

Accordingly, the Court finds that the state ban's reference to "disability insurance" encompasses health insurance as a subset of disability insurance.

## III. CONCLUSION

Based on a plain reading of the California Insurance Code, the Court finds that § 10110.6's ban on discretionary clauses applies to health insurance and renders any discretionary provision in the Plan void. The default, de novo standard of review therefore applies. Accordingly, Plaintiffs' cross-motion is **GRANTED** and Defendant's motion is **DENIED**.

///
///
///
///
///
///
///

---

even where this code section refers to 'health insurance,' it says that such insurance 'shall not include' 'disability insurance, including hospital indemnity, accident only, and specified disease insurance . . . credit disability . . . [and] disability income . . . .'") (ellipses in original).

6

The Court further **SETS** a case management conference for February 13, 2018, at 2:00 p.m. The parties shall submit a joint case management statement by February 6, 2018, including a proposed expedited briefing schedule for the cross-motions for judgment on the merits.

**IT IS SO ORDERED**.

Dated: 1/31/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge